UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT GUS SMITH,<br><br>      Plaintiff,<br><br>vs.<br><br>SUPERIOR COURT OF THE COUNTY OF FRESNO, *ET AL*.<br><br>      Defendants. | Case No. 1:11-CV-01535-RRB<br><br>**DISMISSAL ORDER** |

    Lamont Gus Smith, a civil committee appearing *pro se* and *in forma pauperis*, brings this civil rights action under 42 U.S.C. § 1983. Smith is currently being held at the Coalinga State Hospital as a Sexually Violent Predator ("SVP"). Smith seeks an order releasing him from all forms of custody. Smith brings this action against the Fresno County Superior Court, the Fresno County District Attorney, the California Department of Mental Heath, the California Department of Corrections and Rehabilitation, and the Board of Prison Terms.

    This action, which challenges the fact, not a condition, of Smith's incarceration is improperly brought as a civil rights action under § 1983. Smith is challenging the *fact* of his custody,

not the conditions; therefore it must be brought in a petition for *habeas corpus* relief under 28 U.S.C. § 2254.[1]

One of the preconditions to bringing a federal *habeas* petition is that this Court may not consider claims that have not been fairly presented to the state courts.[2] Unexhausted claims must be dismissed.[3] Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.[4] Thus, Smith has failed to fully exhaust his state court remedies by presenting his claim to the highest state court,[5] i.e., the California Supreme Court.

---

[1] *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'") (citation omitted).

[2] 28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

[3] *See Rhines v. Weber*, 544 U.S. 269, 275-78 (2005); *Engle v. Issac*, 456 U.S. 107, 125 n.28 (1982); *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[4] *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

[5] *See Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir.2003) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Because Smith is proceeding *pro se* and this Court must liberally construe *pro se* pleadings,[6] normally this Court would simply dismiss with leave to amend providing Smith the opportunity to cure the defect, i.e., refile as a petition for *habeas* relief. In this case, however, it is obvious from the Complaint that Smith has not sought relief in any form in the California State Courts. Thus, as a petition for federal *habeas* relief, because he has not exhausted any of his claims, it is premature and must be dismissed.[7] Dismissal will, however, be without prejudice to Plaintiff filing a petition for federal *habeas* relief under § 2254.

**IT IS THEREFORE ORDERED** that the Complaint herein is **DISMISSED** without prejudice and the Clerk of the Court is directed to enter final judgment accordingly.

**IT IS SO ORDERED** this 17th day of April, 2013.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[6] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).

[7] As a habeas petition it would consist of solely unexhausted claims, not *both* exhausted and unexhausted claims. Thus, the stay and abey procedure under which the court dismisses the unexhausted claims and holds the exhausted claims in abeyance pending exhaustion is inapplicable. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose*).